UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BENJAMIN MAHAN, individually, and on behalf of all others similarly situated, | ) ) ) | Case No._____ |
| Plaintiff, | ) ) ) | **CLASS ACTION COMPLAINT** |
| -vs- | ) ) | |
| DOLE PACKAGED FOODS, LLC, | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

Plaintiff Benjamin Mahan ("Plaintiff"), individually, and on behalf of similarly situated

persons, through Plaintiff's undersigned counsel, alleges the following against Defendant Dole

Packaged Foods, LLC ("Dole" or "Defendant") as to Plaintiff's own acts upon personal

knowledge, and as to all other matters upon information and belief.

**PRELIMINARY STATEMENT**

1.      This case is about (i) Dole marketing its fruit products as "all natural" and free of

artificial ingredients, synthetic additives and chemical preservatives when, in fact, they are not

"all natural" and (ii) Dole failing to disclose the identify and function of chemical preservatives.

Dole's actions violate identical federal and Massachusetts laws specifically prohibiting the kinds

of illegal food sales and misleading labels as described herein.

**PARTIES**

2.      Plaintiff is a resident citizen of Middlesex County, Massachusetts.  Plaintiff

purchased Dole's "Mandarin Oranges in 100% Juice" labeled "All Natural Fruit" in

Massachusetts within the four years preceding the filing of this action.

3.     Defendant Dole Packaged Foods, LLC is a corporate citizen of California.  Dole is a California limited liability corporation with its principal place of business in Westlake Village, California.  Defendant is a leading producer of retail food products, including the Mandarin Oranges and substantially similar products (defined and listed below).  Defendant sells its food products to consumers through grocery and other retail stores throughout Massachusetts.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action in which: (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (2) members of the class are citizens of a state different from defendant; and (3) the number of class members is greater than 100.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (3) because a substantial part of the events or omissions giving rise to these claims occurred in this District, a substantial part of the property that is the subject of this action is situated in this District, and Defendant is subject to the Court's personal jurisdiction with respect to this action.

## THE DOLE FRUIT PRODUCTS AT ISSUE

7.     Plaintiff bought Dole Mandarin Oranges in 100% Juice (the "Mandarin Oranges") during the period from October 3, 2010 to the date of notice to the class (the "Class Period"). The label (front and back) of the package purchased by Plaintiff is attached as Exhibit 1.  Two of the listed ingredients in this product are ascorbic acid and citric acid.  Both ascorbic acid and citric acid are added, artificial, synthetic chemical preservatives.

8.     The Dole Fruit Products listed in paragraph 10 are substantially similar to the Mandarin Oranges.  As described herein, each of these products (i) are the same basic product: packaged fruit, (ii) make the same prominent label misrepresentation "all natural fruit," (iii)

contain citric acid and/or ascorbic acid, the same artificial or synthetic ingredients in the

Mandarin Oranges, (iv) never or almost never reveal the identity and function of one or more of

the chemical preservatives they contain, and (v) violate the same food labeling regulations of

Massachusetts.

9.      The products listed in paragraph 10 contained unnatural artificial ingredients and

synthetic additives which Dole concealed by falsely portraying the products as natural and

labeling these products as "all natural fruit" despite the fact that they contained unnatural

artificial ingredients and synthetic ingredients citric acid and/or ascorbic acid.

10.     Upon information and belief, these products were sold by Dole during the Class

Period.  Plaintiff reserves the right to supplement this list if evidence is adduced during discovery

to show that other Dole products had labels that violate the same provisions of Massachusetts

law and have the same label misrepresentations as the Mandarin Oranges:

    a.    Dole Real Mango Chunks Fruit Bites
    b.    Dole Real Pineapple Chunks Fruit Bites
    c.    Dole Real Apple Chunks Fruit Bites
    d.    Dole Ready-Cut Fruit Strawberries Peaches & Bananas Frozen Fruit
    e.    Dole Ready-Cut Fruit Strawberries & Bananas Frozen Fruit
    f.    Dole Tropical Gold Pineapple Chunks Frozen Fruit
    g.    Dole Sliced Peaches Frozen Fruit
    h.    Dole Frozen Wildly Nutritious Mixed Fruit
    i.    Dole Cherry Mixed Fruit in 100% Juice in Plastic Cups
    j.    Dole Tropical Fruit In 100% Juice in Plastic Cups
    k.    Dole Pineapple Tidbits in 100% Pineapple Juice in Plastic Cups
    l.    Dole Diced Yellow Cling Peaches In 100% Juice in Plastic Cups
    m.    Dole Red Grapefruit Sunrise in Plastic Cups
    n.    Dole Diced Pears in 100% Juice in Plastic Cups
    o.    Dole Diced Apples in 100% Juice in Plastic Cups
    p.    Dole Mixed Fruit in 100% Juice in Plastic Cups
    q.    Dole Melon Medley Fruit Cups in 100% Fruit Juice in Plastic Cups
    r.    Dole Diced Peaches (no sugar added) in Plastic Cups
    s.    Dole Mandarin Oranges (no sugar added) in Plastic Cups
    t.    Dole Mandarin Oranges in 100% Fruit Juice in Plastic Jars
    u.    Dole Mixed Fruit in 100% Fruit Juice in Plastic Jars
    v.    Dole Pineapple Chunks in 100% Fruit Juice in Plastic Jars

| | |
|---|---|
| w. | Dole Tropical Fruit in 100% Fruit Juice in Plastic Jars |
| x. | Dole Sliced Peaches in 100% Fruit Juice in Plastic Jars |
| y. | Dole Canned Tropical Fruit in Plastic Jars |
| z. | Dole Canned Crushed Pineapple in 100% Pineapple Juice |
| aa. | Dole Canned Pineapple Chunks in 100% Pineapple Juice |
| bb. | Dole Canned Mandarin Oranges in Light Syrup |
| cc. | Dole Canned Pineapple Chunks in Heavy Syrup |
| dd. | Dole Canned Pineapple Slices in 100% Pineapple Juice |
| ee. | Dole Canned Pineapple Slices in Heavy Syrup |
| ff. | Dole Canned Pineapple Tidbits in 100% Pineapple Juice |
| gg. | Dole Canned Crushed Pineapple in Heavy Syrup |
| hh. | Dole Squish'ems! Apple Strawberry |
| ii. | Dole Squish'ems! Apple |
| jj. | Dole Squish'ems! Apple Banana |
| kk. | Dole Squish'ems! Apple Pineapple |
| ll. | Dole Squish'ems! Apple Mixed Berry |

11. Collectively, the Mandarin Oranges and the products listed in Paragraph 10 are referred to herein as the "Dole Fruit Products."

12. Defendant knowingly and intentionally mislabeled the Dole Fruit Products above as "all natural fruit" despite the fact that Dole Fruit Products contain unnatural artificial ingredients, synthetic additives and chemical preservatives.

## SUMMARY OF THE CASE

13. Plaintiff's case has two facets. The first is the illegal sale of "misbranded" food products brought pursuant to 105 CMR § 520.116(A)(1), (C). This labeling law makes it illegal to sell, advertise, distribute for sale, traffic, trade, transportation, display for sale, offer for sale, deliver for sale, intend to sell any food products as "natural," or with words of similar meaning, unless such food complies with the State of Massachusetts' definition of natural food. Doing so results in the food being misbranded. 105 CMR § 520.116(C); ALM GL ch. 94 § 187. Plaintiff's case is also brought pursuant to Massachusetts ALM GL ch. 94 §§ 187 and 190 which prohibit the manufacture, sale, delivery or offer of delivery of misbranded food, including food whose label is false and misleading in any particular.

14.     Plaintiff alleges that Defendant packages and labels the Dole Fruit Products in violation of (1) Massachusetts food labeling laws which adopt, incorporate – and are identical – to the food labeling requirements federal Food Drug & Cosmetic Act, 21 U.S.C. § 301 *et seq*. ("FDCA") and (2) Massachusetts food labeling laws which parallel the the FDCA and impose identical labeling requirements.

15.     These violations render the Dole Fruit Products "misbranded."  Under Massachusetts law, a food product that is misbranded cannot legally be manufactured, advertised, distributed, or sold. Because misbranded products cannot be legally sold or resold and they are not merchantable.  As a result of Dole's "misbranding" and unlawful sales, Plaintiff and the Class were deprived of money in unlawful transactions in violation of laws designed to protect the Plaintiff and other consumers from just such an occurrence.

16.     The second aspect to this case is the deceptive part. Plaintiff alleges that the labels on the Dole Fruit Products are misleading, deceptive, unfair and fraudulent in the exact same way, i.e., claim to be "all natural" but are not and/or omit key facts, namely the presence of chemical preservatives.  Specifically, Plaintiff alleges that he reviewed the labels on the Mandarin Oranges, reasonably relied in substantial part on the label, and was thereby deceived, in deciding to purchase the Mandarin Oranges.

17.     Plaintiff did not know, and had no reason to know, that Defendant's Mandarin Oranges product was misbranded under Massachusetts law and bore food labeling claims that failed to meet the requirements to make those food labeling claims. Similarly, Plaintiff did not know, and had no reason to know, that the label of Defendant's Mandarin Oranges was false and misleading.

## FACTUAL ALLEGATIONS

### A.    Massachusetts Food Labeling Rules and Violations

18.     Identical Massachusetts and federal laws regulate the content of labels on packaged food.  The requirements of the FDCA were adopted, and are mirrored by, Massachusetts.  Massachusetts requires that all packaged food be labeled in compliance with applicable law including all labeling requirements contained in 21 C.F.R. Part 101 - Food Labeling. 105 CMR 590.001; 105 CMR 590.004(B); Massachusetts Food Code § 3-201.11. Massachusetts requires this "to safeguard public health and provide to consumers food that is safe, unadulterated, and honestly presented." 105 CMR 590.001; 105 CMR 590.002; Massachusetts Food Code § 3-101.11. Massachusetts mandates that "[f]ood shall be safe, unadulterated, and, as specified under [FC] § 3-601.12, honestly presented." Massachusetts Food Code § 3-101.11; 105 CMR 590.001. Massachusetts Food Code § 3-601.12 provides that "[f]ood shall be offered for human consumption in a way that does not mislead or misinform the consumer. Massachusetts Food Code § 3-601.12; 105 CMR 590.001.

19.     Massachusetts has also enacted a number of laws and regulations that parallel federal food laws and regulations and impose identical requirements.

20.     Pursuant to the FDCA food is misbranded if its label (1) is false and misleading in any particular or (2) if words, statements and other information required by the FDCA are either missing or not sufficiently conspicuous. The term "false" has its usual meaning of "untruthful," while the term "misleading" is a term of art.  Misbranding reaches not only false claims, but also those claims that might be technically true, but still misleading.  If any single representation in the labeling is misleading, the entire food is misbranded, nor can any other statement in the labeling cure a misleading statement.

21.     Similarly, pursuant to Massachusetts ALM GL ch. 94 § 187, food is misbranded if its label (1) is false and misleading in any particular or (2) if words, statements and other information required by Massachusetts law are either missing or not sufficiently conspicuous.

22.     The Dole Fruit Products are labeled "all natural fruit" when they actually contain artificial ingredients, synthetic additives and chemical preservatives.  These ingredients are citric acid and/or ascorbic acid.  Defendant's use of "all natural" claims on these products violates Massachusetts law, Massachusetts ALM GL ch. 94 § 187 because such label claims are "false and misleading."

23.     Defendant has violated Massachusetts ALM GL ch. 94, §§ 187, 190; 105 CMR 520.104 and 105 CMR 520.115 because words, statements, or other information required pursuant to Massachusetts's food labeling laws to appear on the label or labeling are not prominently placed upon the label or labeling with conspicuousness, as compared with other words, statements, designs, or devices in the labeling and in terms as to render it likely to be read and understood by the ordinary individual under customary conditions of purchase and use.

24.     Defendant has violated Massachusetts ALM GL ch. 94 §§ 187, 190; 105 CMR 590.001, Massachusetts Food Code §§ 3-101.11; 3-601.12 and because, for all the reasons set forth herein, Dole labeling is false and misleading in one or more ways, is not honestly presented and is offered for human consumption in a way that misleads and misinforms the consumer. Among other things, Dole's labeling is false and misleading because it fails to disclose citric acid is a chemical preservative and is functioning as such and affirmatively misrepresents that the fruit products bearing the labeling are "all natural fruit" when they contain artificial ingredients, synthetic additives and chemical preservatives.

25.     Pursuant to 105 CMR 520.116(A), (C), it is illegal to sell, advertise, distribute for

sale, traffic, trade, transportation, display for sale, offer for sale, deliver for sale, intend to sell any food products as "natural," or with words of similar meaning, unless such food complies with the State of Massachusetts' definition of natural food. Doing so results in the food being misbranded. 105 CMR 520.116(C); ALM GL ch. 94 § 187.

26.      Pursuant to 105 CMR 520.116(A)(2), "'Natural food' means food which in its processing has not been treated with preservatives, antibiotics, synthetic additives, artificial flavoring, artificial coloring, or has been processed in such a manner so that it become significantly less nutritive. Natural foods may only be processed by extracting, purifying, heating, fermenting, concentrating, dehydrating, cooling, or freezing."

27.      By affirmatively stating that Dole Fruit Products were "all natural," Defendant violated 105 CMR 520.116 by falsely representing Dole Fruit Products as natural when they failed to meet Massachusetts' requirements for doing so.

28.      Citric acid and ascorbic acid are chemical preservatives under Massachusetts 105 CMR 520.122(A)(5) – identical to the FDCA – which provides that, "[t]he term chemical preservative means any chemical that, when added to food, tends to prevent or retard deterioration thereof, but does not include common salt, sugars, vinegars, spices, or oils extracted from spices, substances added to food by direct exposure thereof to wood smoke, or chemicals applied for their insecticidal or herbicidal properties." 105 CMR 520.122(A)(5).

29.      105 CMR 520.122(C) – identical to the FDCA – provides that "[a] statement of artificial flavoring, artificial coloring, or chemical preservative shall be placed on the food, or on its container or wrapper, or on any two or all of these, as may be necessary to render such statement likely to be read by the ordinary individual under customary conditions of purchase and use of such food."

30.     105 CMR 520.122(J) – identical to the the FDCA – provides that "[a] food to which a chemical preservative(s) is added shall … bear a label declaration stating both the common or usual name of the ingredient(s) and a separate description of its function, e.g., 'preservative,' 'to retard spoilage,' 'a mold inhibitor,' 'to help protect flavor' or 'to promote color retention.'"

31.     By failing to disclose the function of chemical preservatives like citric acid and ascorbic acid added to Dole Food Products, Defendant violated 105 CMR 520.122.

32.     Citric acid and ascorbic acid are not a common salt, sugar, vinegar, spice, or oil extracted from spices, nor are they a substance added to food by direct exposure thereof to wood smoke, or chemicals applied for their insecticidal or herbicidal properties.

33.     As used in all the Dole Fruit Products, citric acid and ascorbic acid are chemical preservatives in that they prevent or retard deterioration of the products.

34.     FDA considers citric acid and ascorbic acid are to be chemical preservatives.  The FDA states that such acidulents are used as part of the "acidification" process, "[a] technology used by processors to preserve foods by adding acids and rendering food safe from harmful bacteria."[1]  Also "[a]cidification is one way to maintain safe pH levels and keep various foods safe from harmful bacteria."  *Id*.

35.     Because Dole Fruit Products contain chemical preservatives, Dole fruit product labels are required to state the presence of such chemical preservatives and must specifically identify the function of the preservatives, as used in Dole Fruit Products.

36.     Containers of the Dole Mandarin Oranges do not have a statement disclosing all chemical preservatives.  The Dole Mandarin Oranges do not specify the function of citric acid.

---

[1] http://www.fda.gov/food/foodscienceresearch/toolsmaterials/ucm215830.htm.

Dole Fruit Products that have citric acid and/or ascorbic acid almost all fail to identify the function of one or more of the acids.

37.     Because Dole Fruit Products do not have labels with statements that the function of citric acid or ascorbic acid therein is as a chemical preservative, they are misbranded under the food labeling laws of Massachusetts (and the identical FDCA).

38.     Defendants have violated the requirements of 21 C.F.R. § 101.22, 21 U.S.C. § 343(a), 21 U.S.C. § 343(f) and 21 U.S.C. § 343(k).  These violations of federal labeling requirements also result in violations of 105 CMR 590.001; 105 CMR 590.004(B); Massachusetts Food Code § 3-201.11 which mandate that packaged food comply with all applicable laws.

39.     Defendant has also violated 21 C.F.R. § 1.21 by, *inter alia*, failing to reveal material facts on the labels of Dole fruit product containers.

40.     Defendant has violated the requirements of Massachusetts ALM GL ch. 94 § 187; ALM GL ch. 94 § 190; 105 CMR 590.001; 105 CMR 590.002; 105 CMR 590.004(B); 105 CMR 520.104; 105 CMR 520.115; 105 CMR 520.116; 105 CMR 520.122; Massachusetts Food Code § 3-101.11; Massachusetts Food Code § 3-201.11; and Massachusetts Food Code § 3-601.12.

41.     Defendant has a duty to disclose the true nature of the contents of Dole Fruit Products and failed to abide by that duty.

42.     Pursuant to 21 U.S.C. § 333(a)(1) and the identical food labeling laws of Massachusetts, Defendant's violations of the FDCA and the food labeling laws of Massachusetts (including all of the aforementioned provisions) are strict liability offenses for which no showing of intent to deceive or defraud is required.

43.     Under both the FDCA and the food labeling laws of Massachusetts, it is a strict liability offense to, *inter alia*, manufacture, sell, deliver, or offer to deliver any food that is misbranded.

44.     By manufacturing and selling misbranded products, Defendant has committed a predicate unlawful act, regardless of any misrepresentation or reliance thereon.

45.     Defendant is aware and on notice that its labeling was improper and its products misbranded and in fact Defendant has been repeatedly sued for its improper labeling practices in other states. The earliest such litigation dates back to at least 2012. Despite this fact, Defendant has chosen to persist in its improper labeling and misbranding practices.

46.     The FDA has repeatedly stated its policy is to restrict the use of the term "natural" in connection with artificial ingredients and synthetic substances.  The FDA has also repeatedly affirmed its policy regarding the use of the term "natural" as meaning that nothing artificial or synthetic (including all color additives regardless of source) has been included in, or has been added to, a food that would not normally be expected to be in the food.  *See* 58 Fed. Reg. 2302, 2407, January 6, 1993.

47.     Any preservative can preclude the use of the term "natural" even if the preservative is derived from natural sources.  Further, the FDA distinguishes between natural and artificial flavors in 21 C.F.R. § 101.22.

48.     Defendant's false "all natural" claim results in Defendant's fruit products being misbranded and illegal to advertise or sell under Massachusetts' natural food law.

49.     A reasonable consumer would expect that when Defendant labels its products as "all natural," the products' ingredients are "natural" as defined by the State of Massachusetts and the federal government and its agencies.  A reasonable consumer would also expect that when

Defendant labels its products as "all natural" the products' ingredients are "natural" under the common use of that word.  A reasonable consumer would understand that such "all natural" products do not contain synthetic, artificial, or excessively processed ingredients or chemical preservatives.

50.     A reasonable person would also attach importance to whether Defendant's products are "misbranded" and whether they were merchantable, *i.e.*, legally salable and to Defendant's representations about these issues in determining whether to purchase the products at issue. Plaintiff would not have purchased Defendant's products had Plaintiff known they were not capable of being legally sold.

51.     Consumers are misled into purchasing Defendant's products with synthetic additives and unnatural artificial ingredients that are not "all natural" as falsely represented on its labeling.

52.     The Dole Fruit Products have labels that violate Massachusetts law and are therefore misbranded and may not be sold or purchased and have no economical value.

**B.     Plaintiff and the Purchased Mandarin Oranges in 100% Juice**

53.     Plaintiff purchased Dole's Mandarin Oranges in 100% Juice in the Class Period.

54.     The following unlawful and misleading language appears on the label:  "All Natural Fruit."  This product includes the following unnatural, artificial, synthetic, chemical preservative ingredients:  ascorbic acid and citric acid.

55.     This product is unlawful, misbranded and violates Massachusetts law because the label uses the phrase "All Natural Fruit" even though this product contains the following unnatural artificial ingredients: ascorbic acid and citric acid.  This product is also misleading and deceptive because the label uses the phrase "All Natural Fruit" on food that fails to meet the

Massachusetts definition of natural food and contains artificial ingredients and, therefore, is not truly "all natural."

56.     Plaintiff reasonably relied on these label representations and based and justified the decision to purchase the product, in substantial part, on these label representations.

57.     Plaintiff was misled by the Defendant's unlawful and misleading label on this product.  Plaintiff would not have otherwise purchased this product had he known the truth about this product, i.e., that it was not truly "all natural."  Plaintiff had other food alternatives that satisfied legal standards and Plaintiff also had cheaper alternatives.

58.     This product is unlawful, misbranded and violates Massachusetts law, because the label fails to disclose that chemical citric acid is used as a preservative.  This product is misleading and deceptive because the label's failure to identify citric acid as a preservative helps conceal the product is not all natural and falsely suggests that the product not preserved to the degree it actually is preserved.

59.     Plaintiff reasonably relied on these label representations/omissions and based and justified the decision to purchase the Mandarin Oranges, in substantial part, on these label misrepresentations/omissions.

60.     The Mandarin Oranges product is unlawful and misbranded and violates Massachusetts law, including Massachusetts ALM GL ch. 94 § 187 and 105 CMR 520.116, as well as the guidance, regulations and statutes listed in Section VII (A) supra because the label uses the phrase "all natural fruit" even though this fruit product contains citric acid and ascorbic acid.

61.     Plaintiff cares about the nutritional content of food and seeks to maintain a healthy diet.

62.     At point of sale, Plaintiff did not know, and had no reason to know, that the Mandarin Oranges product was unlawful and misbranded as set forth herein, and Plaintiff would not have bought the product had Plaintiff known the truth about its composition and ingredients and that the product was not merchantable and was illegal to sell.

63.     As a result of Defendant's unlawful misrepresentations and omissions, Plaintiff and thousands of others in Massachusetts purchased the Dole Fruit Products at issue.

64.     Dole Fruit Products can be purchased in plastic cups, plastic jars or plastic bags or cans. Regardless of packaging, they are all fruit and they all suffer from the same labeling violations.

65.     Defendant's labeling as alleged herein is false and misleading and was designed to increase sales of the products at issue.  Defendant's misrepresentations are part of its systematic labeling practice and a reasonable person would attach importance to Defendant's misrepresentations in determining whether to purchase the products at issue.

66.     The purchase of the Dole Fruit Products damaged Plaintiff and the Class because misbranded products cannot be legally sold and have no economic value.  Plaintiff and the Class are due the price paid for the Dole Fruit Products.

## PLAINTIFF AND THE CLASS HAVE BEEN INJURED

67.     Had Plaintiff known that the Mandarin Oranges product (i) was misbranded, (ii) was an illegal product, (iii) violated federal and state laws and regulations, (iv) was unnatural and contained artificial ingredients, synthetic additives or chemical preservatives, (v) could not be lawfully sold or resold, (vi) was not merchantable, and/or (vii) was economically worthless, Plaintiff would not have purchased the product.

68.     Because Dole Fruit Products are illegal and misbranded, they cannot be lawfully resold and are not merchantable.

69.     Plaintiff and the Class paid money for misbranded Dole Fruit Products that were worth zero.  Plaintiff and the Class received no value from the Dole Fruit Products.

70.     Plaintiff and the Class could have purchased cheaper alternative products that were not illegal, misbranded, or worthless.

71.     Plaintiff and the Class paid an unwarranted premium over cheaper alternative products that were not illegal, misbranded, or worthless.

72.     Plaintiff and the Class reasonably relied on the labels of Dole Fruit Products Plaintiff and the Class purchased to their detriment.

73.     As a result of Defendant's unlawful misrepresentations and omissions, Plaintiff and the Class purchased misbranded Dole Fruit Products and were injured as a result of Defendant's actions.

74.     Plaintiff and the Class paid money for products that were worth zero.

75.     Plaintiff and the Class paid money for products that were of a lesser value than represented by Defendant.

76.     Plaintiff and the Class also paid an unwarranted premium above alternative products that were not illegal, misbranded, or worthless.

77.     Pursuant to Massachusetts ALM GL ch. 93A, on October 2, 2014, a written demand for relief, identifying the Plaintiff and the Class and reasonably describing the unfair or deceptive acts or practices relied upon and the injury suffered by Plaintiff and the Class, was mailed and delivered to Defendant.

## CLASS ACTION ALLEGATIONS

78.     Plaintiff bring this action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3) on behalf of the following "Class:"

All persons in Massachusetts who, from October 7, 2010, until the date of notice

15

purchased a Dole fruit product bearing the label statement "All Natural Fruit" but which contained citric acid and/or ascorbic acid.

79.   Plaintiff seeks to represent this Class of persons who purchased misbranded Dole Fruit Products in Massachusetts.

80.   The following persons are expressly excluded from the Class: (i) Defendant and their subsidiaries and affiliates, (ii) all persons who make a timely election to be excluded from the proposed Class, (iii) governmental entities, and (iv) the Court to which this case is assigned and its staff.

81.   This action can be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

82.   Based upon Defendant's publicly available sales data with respect to Dole Fruit Products, it is estimated that the number of Class members is potentially in the millions, and that joinder of all Class members is impracticable.

83.   This action involves common questions of law and fact applicable to each Class member that predominate over questions that affect only individual Class members.  Thus, proof of a common set of facts will establish the right of each Class member to recover.  Questions of law and fact common to each Class member include, for example:

a.   Whether Defendant engaged in unfair, unlawful or deceptive business practices by failing to properly package and label Dole Fruit Products sold to consumers;

b.   Whether the food products at issue were misbranded or unlawfully packaged and labeled as a matter of law;

c.   Whether Defendant made unlawful and misleading claims regarding the naturalness of Dole Fruit Products;

d.   Whether Defendant unlawfully sold misbranded food products in violation of the FDCA and the food labeling laws of Massachusetts;

e.   Whether Defendant breached express or implied warranties;

f.      Whether Defendant's unlawful, unfair and deceptive practices harmed Plaintiff and the Class; and

g.      Whether Defendant were unjustly enriched by their deceptive practices.

84.     Plaintiff's claims are typical of the claims of the Class because Plaintiff bought Defendant's Mandarin Oranges during the Class Period.  Defendant's unlawful, unfair, and fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced.  The injuries of each member of the Class were caused directly by Defendant's wrongful conduct.  In addition, the factual underpinning of Defendant's misconduct is common to all Class members and represents a common thread of misconduct resulting in injury to all members of the Class.  Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the Class members and are based on the same legal theories.

85.     Plaintiff will fairly and adequately protect the interests of the Class.  Neither Plaintiff nor Plaintiff's counsel have any interests that conflict with or are antagonistic to the interests of the Class members.  Plaintiff has retained highly competent and experienced class action attorneys to represent Plaintiff's interests and those of the members of the Class. Plaintiff and Plaintiff's counsel have the necessary resources to adequately and vigorously litigate this class action, and Plaintiff and Plaintiff's counsel are aware of their fiduciary responsibilities to the Class members and will diligently discharge those duties by vigorously seeking the maximum possible recovery for the Class.

86.     There is no plain, speedy, or adequate remedy other than by maintenance of this class action.  The prosecution of individual remedies by members of the Class will tend to establish inconsistent standards of conduct for Defendant and result in the impairment of Class members' rights and the disposition of their interests through actions to which they are

not parties.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would create. Further, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Class treatment of common questions of law and fact would also be superior to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the Court and the litigants, and will promote consistency and efficiency of adjudication.

87.     The prerequisites to maintaining a class action pursuant to Fed. R. Civ. P. 23(b)(3) are met as questions of law or fact common to Class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

88.     Plaintiff and Plaintiff's counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

89.     Plaintiff is a member of the Class Plaintiff seeks to represent.  Plaintiff's claims are typical of the Class members' claims.  Plaintiff will fairly and adequately protect the interests of the Class in that Plaintiff's claims are typical and representative of the Class.

90.     There are no unique defenses which may be asserted against Plaintiff individually, as distinguished from the Class.  The claims of Plaintiff are the same as those of the Class.

91.     No conflicts of interest exist between Plaintiff and the other Class members. Plaintiff has retained counsel that is competent and experienced in complex class action litigation.  Plaintiff and Plaintiff's counsel will fairly and adequately represent and protect the interests of the Class.

92.     This class action is superior to any other method for the fair and efficient adjudication of this dispute.

## CLAIMS FOR RELIEF

## COUNT ONE

**Violation of Massachusetts ALM GL ch. 94 §§ 187 and 190 and 105 CMR 520.116 and 520.122**

93.     Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

94.     The Dole Fruit Products listed herein are all in containers that are misbranded.

95.     Massachusetts ALM GL ch. 94 § 187 provides, *inter alia*, that: "Food shall be deemed to be misbranded:  1. If its labeling is false or misleading in any particular . . . .  If its container is so made, formed, colored or filled as to be misleading . . . If any word, statement or other information required by or under authority of this chapter to appear on the label or labeling is not prominently placed thereon with such conspicuousness, as compared with other words, statements, designs, or devices, in the labeling, and in such terms as to render it likely to be read and understood by the ordinary individual under customary conditions of purchase and use …."

96.     All labeling of the containers of Dole Fruit Products listed herein are (i) false and misleading in a particular, (ii) are made as to be misleading, (iii) do not have words, statements or other information required under the FDCA and the Massachusetts labeling laws, (iv) bear an

"all natural fruit" labeling claim but fail to meet the Massachusetts definition of natural food and contain artificial ingredients and synthetic additives, and (v) are misbranded.

97.     Massachusetts ALM GL ch. 94 § 190 bars the manufacture, sale, delivery or offer of delivery of misbranded food.

98.     By affirmatively stating that Dole Fruit Products were "all natural" despite the fact that they contained artificial ingredients and synthetic additives, Defendant violated 105 CMR 520.116 by falsely representing Dole Fruit Products as natural when it failed to meet Massachusetts' requirements for doing so. As a result, Defendant's Dole Fruit Products were misbranded.

99.     By failing to disclose the function of each chemical preservative they contained the Dole Fruit Products violated 105 CMR 520.122.

100.    The violations of 105 CMR 520.116 and 520.122 rendered the Dole Fruit Products misbranded. The violations of 105 CMR 520.116 and 520.122 resulted in labeling that was false and misleading and which lacked words, statements or other information required under the Massachusetts labeling laws.

101.    Plaintiff and the Class purchased misbranded containers of Dole Fruit Products.

102.    Plaintiff and the Class members would not have purchased misbranded Dole Fruit Products had they been aware that those products are illegal to sell, violate state and federal law, are misbranded, are not merchantable, are economically worthless, were not natural and contained artificial ingredients, synthetic additives or chemical preservatives.

103.    Plaintiff and the Class members were harmed as a result of the purchase of Dole Fruit Products and are entitled to damages, including the amounts spent on Dole Fruit Products and punitive damages.

## COUNT TWO

### Breach of Implied Warranty of Merchantability

104.    Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

105.    Under Massachusetts law, goods to be merchantable must at least be such as: (a) pass without objection in the trade under the contract description; (b) in the case of fungible goods, are of fair average quality within the description; (c) are fit for the ordinary purposes for which such goods are used; (d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; (e) are adequately contained, packaged, and labeled as the agreement may require; and (f) conform to the promises or affirmations of fact made on the container or label if any.  ALM GL ch. 106, § 2-314.

106.    Defendant's misbranded food products violated the implied warranty of merchantability because as misbranded goods unlawfully labeled in violation of state and federal regulations they were contraband and thus incapable of complying with ALM GL ch. 106, § 2-314(a)-(e).  In addition, because of the false "all natural" labeling statements on the labels of the Defendant's misbranded food products, the Defendant's misbranded food products failed to conform to the promises or affirmations of fact made on the container or label of these products and thus breached the implied warranty of merchantability.

107.    Implied in the purchase of Dole Fruit Products by Plaintiff and the Class is the warranty that the purchased products are legal and can be lawfully sold or resold and are not contraband.

108.    Implied in the purchase of Dole Fruit Products by Plaintiff and the Class is the warranty that the purchased products are properly labeled and packaged.

109.    Defendant knowingly and intentionally illegally misbranded Dole Fruit Products.

21

110.    Misbranded food products are contraband.

111.    Plaintiff would not have knowingly purchased products that were illegal, misbranded, contraband or unsellable.

112.    Plaintiff would not have knowingly purchased products that were illegal to sell or resell.

113.    No reasonable consumer would knowingly purchase products that are illegal, misbranded, contraband, or unsellable.

114.    No reasonable consumer would purchase products that cannot be legally sold or resold.

115.    The purchased Dole Fruit Products were unfit for the ordinary purpose for which Plaintiff and the Class purchased them.

116.    As misbranded products that could not be legally sold or resold, the Dole Fruit Products were not merchantable.

117.    As a result, Plaintiff and the Class were injured through their purchase of unsuitable, useless, illegal, misbranded, and unsellable products.

118.    Plaintiff would not have purchased misbranded Dole Fruit Products if Plaintiff knew they failed to conform to the promises and affirmations of fact made on the container or label of these products and thus breached the implied warranty of merchantability. In particular, Plaintiff would not have purchased misbranded Dole Fruit Products if Plaintiff knew they were not natural.

119.    By reason of the foregoing, Plaintiff and the Class were damaged in the amount they paid for misbranded Dole Fruit Products, together with punitive damages.

## COUNT THREE

### Breach of Express Warranty

120.     Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

121.     Defendant engaged in a scheme of offering misbranded Dole Fruit Products for sale to Plaintiff and members of the Class by way of, *inter alia*, product packaging and labeling.

122.     In furtherance of its plan and scheme, Defendant prepared and distributed within Massachusetts and nationwide via product packaging and labeling, statements that misleadingly and deceptively represented the composition and nature of its Dole Fruit Products.

123.     Plaintiff and the Class were the intended targets of such representations.

124.     Plaintiff and the Class reasonably relied on Defendant's representations.

125.     Defendant's affirmations of fact and/or promises relating to their Dole Fruit Products created express written warranties that the products would conform to Defendant's affirmations of fact and/or promises.

126.     Alternatively, Defendant's descriptions of their Dole Fruit Products became part of the bases of the bargains, creating express written warranties that the products purchased by Plaintiff and the other Class members would conform to Defendant's descriptions and specifications.

127.     In fact, the Dole Fruit Products purchased by Plaintiff did not so conform.

128.     Defendant expressly warrants on the labels of Dole Fruit Products that they are natural and "all natural fruit."

129.     Dole Fruit Products are not natural or "all natural fruit" and, in fact, contain artificial ingredients, synthetic additives and chemical preservatives.

130.    Plaintiff and members of the Class relied on the defendant's false labeling representation that Dole Fruit Products were natural and "all natural fruit."

131.    Defendant has breached its express warranty.

132.    As a result of the foregoing, Plaintiff and the other Class members have suffered damages in that the value of the products they purchased was less than warranted by Defendant.

133.    Plaintiff asserts this cause of action for violations of the laws of Massachusetts pertaining to express warranties.

134.    Plaintiff and the Class were injured as a result of Defendant's breach of their express warranties about Dole Fruit Products.

135.    Dole Fruit Products that are misbranded due to the Defendant's disregard of food labeling regulations enacted for the protection of public health are a thing of danger that, like all misbranded food, poses a risk to public health.

136.    By reason of the foregoing, Plaintiff and the Class were damaged in the amount they paid for Dole Fruit Products, together with punitive damages.

## COUNT FOUR

### Negligent Misrepresentation

137.    Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

138.    Defendant had a duty to disclose the presence of artificial ingredients, synthetic additives or chemical preservatives in Dole Fruit Products.

139.    In making misrepresentations of fact and omissions of material fact to Plaintiff and the other Class members about their Dole Fruit Products, Defendant failed to fulfill their duties to disclose the material facts alleged above.  Among the direct and proximate causes of said failure to disclose were the negligence and carelessness of Defendant.

24

140.    Plaintiff and the other Class members, as a direct and proximate cause of Defendant's breaches of their duties, reasonably relied upon such representations and omissions to their detriment.

141.    By reason of the foregoing, Plaintiff and the other Class members have suffered damages in an amount to be proved at trial, together with punitive damages.

## COUNT FIVE

### Negligence

142.    Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

143.    Defendant negligently made misrepresentations of fact and omissions of material fact to Plaintiff and the other Class members about its Dole Fruit Products.

144.    Defendant failed to label or advertise its Dole Fruit Products in a lawful manner and violated their duties to disclose the material facts alleged above.

145.    Plaintiff and the other Class members, as a direct and proximate cause of Defendant's breaches of their duties, reasonably relied upon such representations to their detriment.

146.    As described above, Defendant's actions violated a number of express statutory provisions designed to protect Plaintiff and the Class.

147.    Defendant's illegal actions constitute negligence *per se*.

148.    Moreover, the statutory food labeling and misbranding provisions violated by Defendant are strict liability provisions.

149.    By reason of the foregoing, Plaintiff and the other Class members have suffered damages in an amount to be determined at trial, together with punitive damages.

## COUNT SIX

### Unjust Enrichment

150.    Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

151.    As a result of Defendant unlawful and deceptive actions described above, Defendant were enriched at the expense of Plaintiff and the Class through the payment of the purchase price for Dole Fruit Products.

152.    Under the circumstances, it would be against equity and good conscience to permit Defendant to retain the ill-gotten benefits that it received from the Plaintiff and the Class.

153.    By reason of the foregoing, Plaintiff and the Class were damaged in the amount they paid for Dole Fruit Products, together with punitive damages.

## COUNT SEVEN

### Money Had and Received

154.    The manufacture, delivery, offer to delivery or sale of a misbranded food product is an illegal act in Massachusetts.  Such practices are expressly prohibited by Massachusetts law.

155.    The sale of a misbranded product violates the public policy of Massachusetts.

156.    The misbranded Dole Fruit Products purchased by Plaintiff and the Class were illegal and worthless as a matter of law.

157.    Plaintiff and members of the Class were unaware that the Dole Fruit Products they purchased were misbranded, illegal, and worthless.

158.    Defendant received the money from Plaintiff and the Class used to purchase Dole Fruit Products.

159.    Defendant benefitted from receipt of this money.

160.     Under principles of equity and good conscience, Defendant should not be permitted to keep this money.

161.     Plaintiff and the members of the Class are thus entitled to recovery of the funds they expended to purchase the Defendant's misbranded Dole Fruit Products, together with punitive damages.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of Plaintiff's claims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of all other similarly situated persons, prays for judgment against Defendant as follows:

A.     For an order certifying this case as a class action and appointing Plaintiff and Plaintiff's counsel to represent the Class;

B.     For an order awarding, as appropriate, damages, restitution, and/or disgorgement to Plaintiff and the Class including all monetary relief to which Plaintiff and the Class are entitled pursuant to under Massachusetts law;

C.     For an order awarding attorneys' fees and costs;

D.     For an order awarding punitive damages;

E.     For an order awarding pre-judgment and post-judgment interest; and

F.     For an order providing such further relief as this Court deems just and proper.

Dated:  October 7, 2014.

Respectfully submitted,

MIRABELLA LAW, LLC


/s/  *Erica C. Mirabella*
Erica C. Mirabella
MIRABELLA LAW, LLC
132 Boylston Street, 5th Floor
Boston, MA  02116

Telephone: 617-580-8270
Facsimile: 617-583-1905
erica@mirabellallc.com

Charles J. LaDuca
Bonnie J. Prober
CUNEO GILBERT & LADUCA, LLP
8120 Woodmont Avenue, Suite 810
Bethesda, MD 20814
Telephone: 202-789-3960
Facsimile: 202-589-1813
charles@cuneolaw.com
bprober@cuneolaw.com

Charles Barrett
CHARLES BARRETT, P.C.
6518 Highway 100
Suite 210
Nashville, TN 37205
Telephone:  615-515-3393
Facsimile:  615-515-3395
charles@cfbfirm.com

Don Barrett
DON BARRETT, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Telephone: 662-834-2488
Facsimile: 662-834-2628
donbarrettpa@gmail.com

Robert A. Clifford
CLIFFORD LAW OFFICES, PC
120 North LaSalle, 31st Floor
Chicago, IL 60602
Telephone: 312-899-9090
Facsimile: 312-251-1160
chd@cliffordlaw.com

Zona Jones
PROVOST UMPHREY LAW FIRM, LLP
490 Park Street
Beaumont, Texas 77701
Telephone: 409-835-6000
Facsimile: 409-813-8618
zjones@pulf.com

Keith M. Fleischman
THE FLEISCHMAN LAW FIRM, PLLC
565 Fifth Avenue, Seventh Floor
New York, New York 10017
Telephone: 212-880-9571
Facsimile: 917-591-5245
keith@fleischmanlawfirm.com

Dewitt M. Lovelace
LOVELACE AND ASSOCIATES, LLC
12870 U.S. Hwy 98 West, Suite 200
Miramar Beach, FL 32550
Telephone: 850-837-6020
Facsimile: 850-837-4093
dml@lovelacelaw.com

Ben F. Pierce Gore
PRATT & ASSOCIATES
1871 The Alameda,
Suite 425
San Jose, CA 95126
Telephone: 408-429-6506
Facsimile: 408-369-0752
pgore@prattattorneys.com

*Counsel for Plaintiff*